MANUELA SEMIDEY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, GUAYAMA PART, RAMÓN R. CABRERA, JUDGE, Respondent.

No. O-70-124.     Decided March 5, 1971.

*José Hamid Rivera, B. Díaz Asencio, Jackie H. Santos, Felipe Cirino, Fermín B. Arraiza, Arnaldo López Rodríguez,* and *Osvaldo Rivera Cianchini* for petitioner.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Petitioner Manuela Semidey, represented by attorneys of Puerto Rico Legal Services, Inc., filed a divorce action before the Guayama Part of the Superior Court. Within that action she requested the court to order defendant to deposit in the clerk's office the amount of $125 as attorney's fees. Said motion having been set for hearing and discussed, the trial court denied it.

As it is alleged in the petition for review, ". . . the ground of the respondent court to deny the motion was that the

Puerto Rico Legal Services, Inc., renders services without charging its clients any fees and that plaintiff being indigent, and therefore, qualifying for such services, the deposit for attorney's fees did not lie."

■ Since many years ago it has been held in this jurisdiction that "the provision of § 100 of the Civil Code [31 L.P.R.A. § 343] for support of a wife while a divorce suit is pending includes her attorney's fees. *Wolkers* v. *Masson*, 26 P.R.R. 162; 27 P.R.R. 259; *Carballo* v. *Rossy, District Judge*, 27 P.R.R. 855." *Valdés* v. *District Court*, 67 P.R.R. 288 (1947).

Puerto Rico Legal Services, Inc., was organized by virtue of the provisions of the federal act known as "Economic Opportunity Act of 1964 (Anti Poverty Act)" as amended in 1966.[1] This amendment authorized financial assistance to establish legal assistance programs for the poor in matters of civil nature. This program, like the others created by said statute, is administered by the Office of Economic Opportunity in Washington, D.C. Said Office has adopted some guidelines as to the eligibility of the persons deserving the free services provided by the program. One of them is to the effect that the Office shall not make funds available for programs which provide free legal assistance for persons or corporations who may retain the services of a private attorney. Neither should the programs provide free legal advice in fee-generating cases, such as those in which the fees are contingent or others in which the fees provided by statutes or administrative regulations are sufficient to retain the services of a private counsel. The controlling factor should be the client's ability to obtain representation. If a case generates fees sufficient to retain the services of competent counsel, then the case should be referred to a lawyer's referral system. If the fee is not sufficient to attract a private attorney, the

---

[1] 42 U.S.C. § 2701 *et seq.*

client may be eligible for free legal services under the program of the Office of Economic Opportunity.[2]

The Board of Directors of the Puerto Rico Legal Services, Inc., following the general guidelines established by the Office of Economic Opportunity, has established its standards as to the eligibility of clients known as the "Standards for Acceptance and Handling of Cases."

With respect to divorce cases these Standards establish:

"Section 11. In divorce cases the following additional standards shall be strictly complied with:

"(a) .      .      .      .      .      .      .      .

"(b) Provided the circumstances of the case permit it, the earnings of the male spouse should be known when the representation of a woman as plaintiff in a divorce is to be undertaken. If the husband has enough economic means, jointly with the filing of the complaint, it will be requested, by a motion, that the court order the granting of fees in advance and the deposit thereof in court so that a private attorney may undertake the representation of the wife. As soon as it happens, Legal Services will request to be excused from the representation in the case." Chapter III, subsection K, Standards for Acceptance and Handling of Cases.

■ This standard allows the poor wife to retain legal assistance from the very moment she decides to exercise the divorce action. It is not unreasonable to assume that in the majority of the cases, although a fee-generating case may be involved, the private attorney is not willing to undertake the free representation of the plaintiff woman, and to take all those preliminary steps which would be necessary for the court to rule with respect to the granting and deposit of attorney's fees for the plaintiff.

The standards adopted by the Puerto Rico Legal Services, Inc., implement in a practical and elastic manner the guide-

---

[2] Guidelines for Legal Service Programs, Community Action Program, Office of Economic Opportunity, Wash., D.C., pp. 19–22. See, also, 1 "Poverty Law Reporter, Commerce Clearing House, Inc." 8201–8205, pars. 7300–7310 (Client Eligibility-Representation).

lines adopted by the Office of Economic Opportunity, about the eligibility of clients to receive free legal assistance.

These standards conform in essence to the guidelines of the Office of Economic Opportunity. If the husband is in a condition to pay the attorney's fees of the plaintiff or defendant woman, as the case may be, in a divorce action, and he is so ordered by the court, from that stage of the proceedings the woman may use the services of a lawyer of her choice, if she so wishes, or of the private attorney to whom the case is referred, avoiding the undesirable competition between the lawyers of said corporation and the private practice of the profession.

The order entered by the trial court in open court on April 30, 1970, will be reversed and the case remanded for further proceedings.

Mr. Justice Hernández Matos did not participate herein.